2018R00562/DG

**RECEIVED**
**By Tim Gorman at 4:18 pm, Jun 25, 2021**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Kevin McNulty |
| | : | |
| v. | : | Crim. No. 20-205 |
| | : | |
| JERVON MORRIS, | : | 18 U.S.C. § 1962(d) |
| a/k/a "Sticky," | : | 18 U.S.C § 1959(a)(3) |
| JALIL HOLMES, | : | 18 U.S.C. § 924(c)(1)(A) |
| a/k/a "Broad Day," | : | 18 U.S.C. § 922(g)(1) |
| a/k/a "BD," | : | 21 U.S.C. §§ 841(a)(1), (b)(1)(C) |
| KEVIN WILLIAMS, | : | 18 U.S.C. § 2 |
| a/k/a "KK," | : | |
| a/k/a "Kay Kay," | : | |
| JAKEEM GIBSON-MADISON, | : | |
| a/k/a "Beanz," | : | |
| K'SHAWN JACKSON, | : | |
| a/k/a "Lil Kay," | : | |
| LAKIEF GRAYSON, | : | |
| a/k/a "LaLa," | : | |
| a/k/a "La Greaz," | : | |
| WILLIE WILLIAMS, | : | |
| a/k/a "Willz," and | : | |
| TERICK ROGERS, | : | |
| a/k/a "Moot" | : | |

## SUPERSEDING INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark,

charges:

## COUNT ONE
### (Racketeering Conspiracy)

### The Racketeering Enterprise

1.     At various times relevant to this Superseding Indictment, in the

District of New Jersey, and elsewhere, defendants JERVON MORRIS, a/k/a

"Sticky" ("MORRIS"); JALIL HOLMES, a/k/a "Broad Day," a/k/a "BD"

("HOLMES"); KEVIN WILLIAMS, a/k/a "KK," a/k/a "Kay Kay" ("KEVIN WILLIAMS"); JAKEEM GIBSON-MADISON, a/k/a "Beanz" ("GIBSON-MADISON"); K'SHAWN JACKSON, a/k/a "Lil Kay" ("JACKSON"); LAKIEF GRAYSON, a/k/a "LaLa," a/k/a "La Greaz" ("GRAYSON"); WILLIE WILLIAMS, a/k/a "Willz" ("WILLIE WILLIAMS"); TERICK ROGERS, a/k/a "Moot" ("ROGERS"); and others, known and unknown, were members and associates of a criminal organization known as "Marion" or "300" (hereinafter the "Marion Gardens Enterprise" or "the Enterprise"). The Marion Gardens Enterprise, including its leadership, members, and associates, constituted an enterprise, as defined in Title 18, United States Code, Section 1961(4)—namely, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

**History, Rules, and Organization of the Marion Gardens Enterprise**

2.     The Marion Gardens Enterprise is a criminal street gang comprised primarily of members of the "Brim" and "Sex, Money, Murder" subsets of the Bloods street gang who reside in and around the Marion Gardens Housing Complex located in Jersey City, New Jersey ("Marion Gardens" or the "Marion Projects"). Although associated with the Bloods street gang, members of the Marion Gardens Enterprise represent, first and foremost, the Marion Projects. The Marion Gardens Enterprise is known for drug distribution in and around the area of the Marion Gardens Housing Complex as well as for violence against

numerous rival groups within and around Jersey City, New Jersey. They utilize the nickname "300" and a hand sign, which displays their pinky, ring, and middle fingers, with their thumb and pointer finger closed together in a circle.

3.      Members and associates of the Marion Gardens Enterprise followed certain practices of the Enterprise, including:

      a.      visible demonstrations of gang affiliation, such as an identification with the number "57" or "five-seven," which is a reference to building 57 within the Marion Gardens Housing Complex where members of the Marion Gardens Enterprise congregate;

      b.      the utilization of social media platforms to proclaim affiliation with, and highlight, the Enterprise by posting gang-related photographs and videos, including those paying homage to deceased members of the Enterprise and taunting rival gang members, as well as to communicate with other members and associates; and

      c.      the use of slogans and hand gestures, as well as the display of tattoos, signifying membership in the Enterprise.

4.      Members and associates of the Marion Gardens Enterprise engaged in, or controlled, drug trafficking and other criminal activities within the Marion Projects. Only those individuals who were members of, or associated with, the Marion Gardens Enterprise were permitted to distribute narcotics within the Marion Projects.

5.      Members and associates of the Marion Gardens Enterprise engaged in retaliatory acts of violence with rival gangs, including those that identify as

"Wilkinson" and "SaLaf." Members and associates were expected to commit acts of violence against rival gang members whenever rival gang members were encountered. Failure to do so would result in "discipline" by fellow gang members and a lack of respect within the Enterprise.

6. Members and associates of the Marion Gardens Enterprise paid homage to deceased members of the Enterprise and were expected to retaliate in order to seek retribution for their deceased fellow gang members.

7. At all relevant times, MORRIS, HOLMES, KEVIN WILLIAMS, GIBSON-MADISON, JACKSON, GRAYSON, WILLIE WILLIAMS, and ROGERS operated in and around Hudson County, New Jersey.

### Purposes of the Marion Gardens Enterprise

8. The purposes of the Marion Gardens Enterprise included the following:

a. promoting and enhancing the Enterprise and the activities of its members and associates, both in and out of prison, which activities included, but were not limited to, drug trafficking, murder, robbery, and other criminal activities;

b. preserving and protecting the power, territory, reputation, and profits of the Enterprise and of its members and associates, both in and out of prison, through the use of intimidation, violence, threats of violence, assaults, and murder;

c. providing assistance to gang members and associates who were imprisoned after having committed crimes on behalf of the Enterprise;

4

d.      confronting and retaliating against rival gangs through intimidation, threats of violence, and acts of violence; and

e.      hindering, obstructing, and preventing law enforcement from identifying participants in the gang's criminal activity, from apprehending the offenders of those crimes, and from successfully prosecuting and punishing those offenders.

**Members and Associates of the Enterprise**

9.      Defendant JERVON MORRIS, a/k/a "Sticky," is a member and leader of the Marion Gardens Enterprise.

10.     Defendant JALIL HOLMES, a/k/a "Broad Day," a/k/a "BD," is a member of the Marion Gardens Enterprise.

11.     Defendant KEVIN WILLIAMS, a/k/a "KK," a/k/a "Kay Kay," is a member of the Marion Gardens Enterprise.

12.     Defendant JAKEEM GIBSON-MADISON, a/k/a "Beanz" ("GIBSON-MADISON") is a member of the Marion Gardens Enterprise.

13.     Defendant K'SHAWN JACKSON, a/k/a "Lil Kay" ("JACKSON") is a member of the Marion Gardens Enterprise.

14.     Defendant LAKIEF GRAYSON, a/k/a "LaLa," a/k/a "La Greaz," is a member of the Marion Gardens Enterprise.

15.     Defendant WILLIE WILLIAMS, a/k/a "Willz," is a member of the Marion Gardens Enterprise.

16.     Defendant TERICK ROGERS, a/k/a "Moot," is a member of the Marion Gardens Enterprise.

17.     Individual-1, a/k/a "Meech," ("Individual-1") was a member of the Marion Gardens Enterprise who was murdered on or about June 30, 2013, in Jersey City, New Jersey.

18.     Individual-2, a/k/a "Mr. 300," ("Individual-2") was a member of the Marion Gardens Enterprise who was murdered by rival gang members on or about April 26, 2016.

19.     Individual-3, a/k/a "Draco," ("Individual-3") was a member of the Marion Gardens Enterprise who was shot at on several occasions and ultimately murdered by rival gang members on or about December 26, 2018.

### The Racketeering Conspiracy

20.     Beginning at least as early as in or around July 2011, and continuing through the date of this Superseding Indictment, in the District of New Jersey, and elsewhere, the defendants,

**JERVON MORRIS**,
a/k/a "Sticky,"
**JALIL HOLMES**,
a/k/a "BroadDay,"
a/k/a "BD,"
**KEVIN WILLIAMS**,
a/k/a "KK,"
a/k/a "Kay Kay,"
**JAKEEM GIBSON-MADISON**,
a/k/a "Beanz,"
**K'SHAWN JACKSON**,
a/k/a "Lil Kay,"
**LAKIEF GRAYSON**,
a/k/a "LaLa,"
a/k/a "La Greaz,"
**WILLIE WILLIAMS**,
a/k/a "Willz," and

**TERICK ROGERS**,
a/k/a "Moot,"

together with others known and unknown, being persons employed by and associated with the Marion Gardens Enterprise, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, knowingly and intentionally conspired and agreed with others to violate Title 18, United States Code, Section 1962(c), that is to conduct and participate, directly and indirectly, in the conduct of the affairs of the Marion Gardens Enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5), which pattern of racketeering activity consisted of:

        a.     multiple acts involving murder, contrary to N.J.S.A. 2C:11-3(a)(1), 2C:11-3(a)(2), 2C:5-1(a), 2C:5-2, and 2C:2-6; and

        b.     multiple offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance punishable under the laws of the United States, in violation of Title 21, United States Code, Section 846 (conspiracy to distribute and possess with intent to distribute controlled substances), Section 841 (distribution and possession with intent to distribute controlled substances), and Section 843(b) (use of a communications facility to violate the Controlled Substances Act).

    21.    It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

## Manner and Means of the Conspiracy

22.    Among the manner and means by which the defendants and other members and associates of the Marion Gardens Enterprise agreed to conduct and participate in the conduct of the affairs of the Enterprise were the following:

a.    Members and associates of the Marion Gardens Enterprise acquired and maintained weapons, including firearms, to use during violent criminal acts on behalf of the Enterprise.

b.    Members and associates of the Marion Gardens Enterprise shared firearms to be used in the commission of violent criminal acts.

c.    Members and associates of the Marion Gardens Enterprise committed and agreed to commit violent acts, including murder and assault with deadly weapons, on behalf of the Marion Gardens Enterprise; to punish Enterprise members and associates who had been disloyal; to retaliate against rivals; to maintain and enhance the reputation of the Marion Gardens Enterprise; and to protect and otherwise assist their drug trafficking activities.

d.    Participation in criminal activity by a member, particularly violent acts directed at rivals or as directed by other high-ranking members of the gang, increased the respect accorded to that member and resulted in that member's maintaining and increasing position in the gang.

e.    Members and associates of the Marion Gardens Enterprise used social media, including Instagram and Facebook, to intimidate rival gang members and other members of the community and to promote the Marion Gardens Enterprise.

f.      Members and associates of the conspiracy enriched themselves through drug trafficking within the Marion Projects and elsewhere, and that members and associates prevented those who were not associated with the Marion Gardens Enterprise from trafficking narcotics within the Enterprise's territory.

**Overt Acts**

23.    In furtherance of the conspiracy and to achieve its purposes, the defendants and their coconspirators committed the following overt acts, among others, in the District of New Jersey, and elsewhere:

a.      Beginning at least as early as in or around 2011, numerous members and associates of the Marion Gardens Enterprise, including, but not limited to, the defendants, engaged in multiple acts of distribution of controlled substances, and possession with intent to distribute controlled substances, in and around the Marion Gardens Housing Complex and elsewhere in the District of New Jersey.

b.      Beginning at least as early as in or around 2011, numerous members and associates of the Marion Gardens Enterprise, including, but not limited to, certain of the defendants, engaged in multiple acts of violence for and on behalf of the Enterprise, which acts of violence targeted rival gang members and any other individuals who disrespected the Enterprise or its members.

c.      Beginning at least as early as in or around 2013, the defendants and other members and associates of the Marion Gardens Enterprise utilized social media, to include Facebook and Instagram, to conduct the

business of the enterprise, including flaunting membership in the Enterprise, paying homage to deceased members and associates of the Marion Gardens Enterprise, taunting rival gang members, and threatening retribution for acts of violence committed against members of the Enterprise.

    d.    On or about October 6, 2010, WILLIE WILLIAMS distributed and possessed with intent to distribute cocaine within the Marion Gardens Housing Complex.

    e.    On or about July 28, 2011, MORRIS, KEVIN WILLIAMS, and another member of the Enterprise murdered Victim A.C. in the area of Gifford Avenue and Bergen Avenue in Jersey City, New Jersey.

    f.    After a witness identified GRAYSON as one of the shooters—confusing GRAYSON with KEVIN WILLIAMS—GRAYSON falsely testified under oath on April 19, 2013 and pled guilty to a weapons charge related to the murder of Victim A.C., notwithstanding that he was not present.

    g.    On or about February 7, 2013, GIBSON-MADISON and ROGERS fled from law enforcement after firing several shots in the area of West Side Avenue and Pollack Avenue in Jersey City.

    h.    On or about February 7, 2013, ROGERS possessed a Charter Arms Corp. .38 caliber revolver, bearing serial number 25923, which contained five spent shell casings and a ski mask.

    i.    On or about February 7, 2013, GIBSON-MADISON possessed a Jimenez Arms 9mm handgun, with a defaced serial number and an empty magazine.

j.     On or about July 8, 2015, JACKSON possessed with intent to distribute approximately fifty-three vials of cocaine base and twenty glassine envelopes of heroin.

k.     On or about December 16, 2015, KEVIN WILLIAMS, JACKSON, HOLMES, and two other associates of the Enterprise fled from law enforcement and crashed following a high-speed motor vehicle pursuit.  During this motor vehicle pursuit, one of the occupants discarded a firearm—subsequently recovered and confirmed to be a loaded 9mm Taurus PT709 handgun, bearing serial number TCW22804—out the vehicle's window.  KEVIN WILLIAMS, JACKSON, and HOLMES fled on foot after abandoning the crashed vehicle.

l.     On or about May 16, 2016, JACKSON and several other members of the Enterprise distributed narcotics within the Marion Gardens Housing Complex.

m.     On or about May 16, 2016, JACKSON and others used an apartment to stash narcotics and other items, including one Smith & Wesson .38 caliber revolver, bearing serial number 93255, which was loaded with six rounds of ammunition; approximately 105 vials of cocaine base; approximately 399 glassine envelopes of heroin; one plastic bag containing cocaine; two clear plastic bags containing marijuana; one digital scale; and packaging materials.

n.     On or about October 3, 2016, KEVIN WILLIAMS distributed and possessed with intent to distribute approximately ninety-eight glassine envelopes of heroin within the Marion Gardens Housing Complex.

o.   On or about February 4, 2017, WILLIE WILLIAMS posted a photo to Facebook of himself giving the middle finger with both hands, accompanied by the caption, "Still Gang Gang For My Dead Bros" and "Free My Hood57," thus communicating his membership in the Enterprise, his willingness to act on behalf of the Enterprise, and his homage to his fellow Enterprise members who are incarcerated.

p.   On or about April 17, 2017, GRAYSON distributed and possessed with intent to distribute cocaine base within the Marion Gardens Housing Complex.

q.   On or about August 15, 2017, JACKSON posted a photo to Facebook depicting his neck tattoo, which reads "G57," thus demonstrating through this post and through his tattoo his membership with the Enterprise.

r.   On or about November 5, 2017, members and associates of the Enterprise drove to the area of Van Nostrand Avenue and Bergen Avenue in a caravan of several vehicles.  Upon arriving in that area, three members of the Enterprise exited their respective vehicles, brandished firearms, and shot Victim C.C. in the leg.  During this incident, members of the Enterprise discharged at least nine rounds of ammunition from at least three firearms, including five .40 caliber rounds, two .45 caliber rounds, and two 9mm rounds.  Following this incident, the members and associates of the Enterprise reconvened at the Marion Gardens Housing Complex.

s.   On or about November 26, 2017, members and associates of the Enterprise traveled to the area of Warner Avenue and Martin Luther King

Drive, at which time two of them exited a silver Lexus (the "Silver Lexus") and shot Victim T.C. multiple times in the legs, back, and chest. During this incident, members of the Enterprise discharged at least twelve rounds of ammunition, including seven .357 caliber rounds and five .45 caliber rounds, the latter of which were fired from the same firearm that discharged the .45 caliber rounds during the November 5, 2017 shooting of Victim C.C., as set forth in Overt Act 23(r).

t.  On or about November 28, 2017, ROGERS and GRAYSON traveled in the Silver Lexus that was utilized during the shooting of Victim T.C., as set forth in Overt Act 23(s).

u.  On or about December 3, 2017, HOLMES and two other members and associates of the Enterprise traveled in the Silver Lexus that was utilized during the shooting of Victim T.C., as set forth in Overt Act 23(s), to the same area where Victim T.C. was shot—Warner Avenue and Martin Luther King Drive. Upon arrival, HOLMES exited the Silver Lexus, approached the corner of Warner Avenue and Martin Luther King Drive where a crowd of people were gathered, and discharged at least eleven .40 caliber rounds of ammunition from the same firearm that discharged the .40 caliber rounds during the November 5, 2017 shooting of Victim C.C., as set forth in Overt Act 23(r). In doing so, HOLMES shot and killed Victim R.S.

v.  On or about December 4, 2017, ROGERS and MORRIS traveled in the Silver Lexus in the area of Marion Gardens Housing Complex.

w.     On or about February 7, 2018, KEVIN WILLIAMS and another member of the Enterprise encountered Victim R.B., a member of Montgomery, in the area of Summit Avenue and Magnolia Avenue.  Upon encountering Victim R.B., KEVIN WILLIAMS and the other member of the Enterprise physically assaulted Victim R.B.

x.     On or about February 9, 2018, GRAYSON and MORRIS were in the courtyard of the Marion Gardens Housing Complex, at which time GRAYSON retrieved a duffle bag subsequently confirmed to contain distribution quantities of controlled substances.  GRAYSON further possessed with intent to distribute approximately 125 bags of heroin, one bottle of cocaine, two digital scales, and other packaging material within an apartment within the Marion Gardens Housing Complex.  In that same location, GRAYSON possessed a Springfield Model XDS .45 caliber semi-automatic handgun, bearing serial number XS601923, loaded with seven rounds of .45 caliber ammunition.

y.     On or about March 29, 2018, JACKSON and another member of the Enterprise stashed two firearms after observing law enforcement approach. Specifically, JACKSON and the other member of the Enterprise stashed a Hi-Point Model CF380 handgun, bearing defaced serial number P916682, which was loaded with seven rounds of ammunition, and a Glock 33 SIG .357 caliber handgun, bearing serial number FWK875, which was loaded with five rounds of ammunition, the latter of which was the firearm that discharged the .357 caliber rounds during the November 26, 2017 shooting of Victim T.C., as set forth in Overt Act 23(s).

z.      On or about January 6, 2018, JACKSON posted a photo to Facebook depicting himself and another member of the Enterprise, in which he displayed an Enterprise gang sign.   JACKSON posted this photo with the accompanying caption, "300 All That We Stand For," thus communicating his membership in the Enterprise.

aa.      On or about June 30, 2018, HOLMES, ROGERS, JACKSON, and other members and associates of the Enterprise gathered in the courtyard of the Marion Gardens Housing Complex to pay homage to Individual-1, a/k/a "Meech," on the anniversary of his death.   To further that homage, HOLMES, JACKSON, ROGERS, and another associate of the Enterprise, traveled to the area near where Individual-1 was killed.   Upon observing an individual who HOLMES recognized to be a member of a rival gang, HOLMES, JACKSON, and ROGERS exited their vehicle, ran to John F. Kennedy Boulevard, and shot Victim K.C., Victim D.A., Victim J.W., Victim C.F., and Victim W.A.

bb.      On or about July 6, 2018, HOLMES, JACKSON, GIBSON-MADISON, and at least one other member of the Enterprise traveled to the area of Wilkinson Avenue, at which time Victim A.W. and Victim R.H. were shot.

cc.      On or about July 7, 2018, MORRIS posted a photo on Facebook depicting himself and JACKSON, in which both MORRIS and JACKSON gestured Enterprise gang signs.   MORRIS posted this photo with the accompanying caption, "3's gang to the fullest" and "#57hearted," thus communicating their membership in the Enterprise.

dd.    On or about August 12, 2018, GIBSON-MADISON posted a photo on Facebook depicting himself, HOLMES, and JACKSON in the Marion Gardens Housing Complex displaying Enterprise gang signs.    GIBSON-MADISON posted this photo with an accompanying caption, which stated, "Them young niggas on go they never on pause," thereby communicating their respective membership in the Enterprise.

ee.    On or about September 19, 2018, HOLMES posted a photo on Facebook, in which he was depicted gesturing his hand in the shape of a pointed gun and wearing a t-shirt that reads "REST IN PISS NUSKI" and "300G4L"—the former being an insult to a murdered rival gang member, and the latter being shorthand for "300 Gang For Life," thereby collectively communicating HOLMES's membership in the Enterprise and his taunting of rival gang members.

ff.    On or about September 24, 2018, HOLMES posted a photo depicting himself and five other members and associates of the Enterprise, including JACKSON, in the courtyard of the Marion Gardens Housing Complex, accompanied by the caption, "57 Dales Mafia," thereby communicating their membership in the Enterprise.

gg.    On or about October 23, 2018, MORRIS and WILLIE WILLIAMS distributed and possessed with intent to distribute heroin within the Marion Gardens Housing Complex.

hh.   On or about October 29, 2018, MORRIS distributed and possessed with intent to distribute heroin within the Marion Gardens Housing Complex.

ii.   On or about October 31, 2018, MORRIS distributed and possessed with intent to distribute heroin within the Marion Gardens Housing Complex.

jj.   On or about November 3, 2018, MORRIS posted a photo on Facebook depicting approximately eighteen members and associates of the Enterprise, including MORRIS, HOLMES, and WILLIE WILLIAMS, with the accompanying caption, "Everybody wit that gang gang shit so they ain't dyin for nothin," followed by "#357" and "trenches," thereby communicating the Enterprise's membership and willingness to retaliate so that murdered gang members were not killed in vain.

kk.   On or about November 5, 2018, MORRIS and GIBSON-MADISON distributed and possessed with intent to distribute heroin within the Marion Gardens Housing Complex.

ll.   On or about November 8, 2018, MORRIS posted a photo on Facebook depicting himself, JACKSON, and another member of the Enterprise, in which all three men gestured an Enterprise gang sign, thereby communicating their membership in the Enterprise.   MORRIS posted this photo with the accompanying caption, "Big 3s," while utilizing the "okay hand emoji," which resembles an Enterprise gang sign.

mm.   On or about November 16, 2018, MORRIS possessed with intent to distribute controlled substances and ammunition within the Marion Gardens Housing Complex.

nn.   On or about November 16, 2018, MORRIS, GIBSON-MADISON, and KEVIN WILLIAMS fled from the Marion Gardens Housing Complex after discharging a .40 caliber firearm from an apartment that the Enterprise used to stash narcotics and ammunition.

oo.   On or about November 25, 2018, GIBSON-MADISON posted on Facebook, "I'm so glad I'm from these project buildings we was raise different # Area 57," thereby communicating his association with the Enterprise.

pp.   On or about November 27, 2018, GIBSON-MADISON posted a photo on Facebook depicting himself, MORRIS, ROGERS, and KEVIN WILLIAMS, in which KEVIN WILLIAMS gestured an Enterprise gang sign.   GIBSON-MADISON posted this photo with the accompanying caption, "1 thing about my niggas them niggas all a ride," thereby communicating that all members of the Enterprise, including those depicted in this photo, were willing to act on behalf of the Enterprise.

qq.   In or around November 2018, MORRIS and HOLMES threatened a resident in the Marion Gardens Housing Complex to prevent that resident from providing information about the Enterprise to law enforcement.

rr.   On or about December 11, 2018, HOLMES, GIBSON-MADISON, and several other members and associates of the Enterprise traveled to the area of Grant Avenue for the purpose of distributing narcotics.

ss.    On or about December 11, 2018, HOLMES posted a video to Facebook Live, during which he stated, among other things, "Keep calling police, we gonna shut that whole block down," thereby communicating that the Enterprise would retaliate against those who cooperate with law enforcement.

tt.    On or about December 27, 2018, MORRIS posted a photo on Facebook depicting MORRIS, KEVIN WILLIAMS, and another member of the Enterprise, in which all three were gesturing an Enterprise gang sign while standing in front of a memorial for Enterprise member Individual-3, a/k/a "Draco," who was murdered by rival gang members on December 26, 2018. MORRIS posted this photo with the accompanying caption, "Long Live Draco Holmes 3z gang 4ever lil bro u know how we rocking personally He do the same shit for me i do da same thing for bro catch a opp n we gon score niggas know n bitches know," thus communicating that the Enterprise would retaliate in Individual-3's honor.

uu.    On or about January 9, 2019, in retaliation for the murder of Individual-3, a/k/a "Draco," which occurred on or about December 26, 2018, HOLMES and GIBSON-MADISON traveled to the area of Grant Avenue and Ocean Avenue to locate and retaliate against rival gang members believed to be involved in the death of Individual-3. Upon arriving in that area, HOLMES used the same .40 caliber handgun that was discharged in the Marion Gardens Housing Complex on November 16, 2018, to shoot Victim M.G. and Victim T.S. and to attempt to shoot Victim E.M.

vv.    On or about June 9, 2019, after being shot at by rival gang member, Victim K.G., KEVIN WILLIAMS brandished a firearm and attempted to shoot back at Victim K.G.  KEVIN WILLIAMS then handed the firearm to another member and associate of the Enterprise to avoid detection from law enforcement.

ww.    On or about June 10, 2019, KEVIN WILLIAMS possessed with intent to distribute controlled substances within the Marion Gardens Housing Complex.

xx.    On or about March 3, 2020, WILLIE WILLIAMS posted a story on Instagram depicting himself, HOLMES, and MORRIS in the Marion Gardens Housing Complex, in which HOLMES gestured an Enterprise gang sign.  WILLIE WILLIAMS posted this photo with the accompanying caption, "Big 3'zz U Know We big oppz 57," thereby communicating their membership in the Enterprise and their rivalries with other neighborhood gangs.

yy.    On or about March 6, 2020, WILLIE WILLIAMS posted a story on Instagram, which depicted the courtyard of the Marion Gardens Housing Complex, with the accompanying caption, "#Trenches If you ain't from here don't come here," thereby communicating that only those people who were associated with the Enterprise were permitted within the Enterprise's territory.

zz.    On or about March 13, 2020, WILLIE WILLIAMS posted photos on Instagram of himself at a shooting range while flashing an Enterprise gang sign, accompanied by the caption, "Heard Son Think He a Killer, Well I Gotta get Him Str8 Gone," thereby communicating that he, as a member of the

Enterprise, was honing his skills with a firearm and would use those skills to act on behalf of the Enterprise.

   aaa. On or about March 17, 2020, JACKSON posted a story on Instagram, in which he stated, "Niggas swear they GANG until it's time to take a pic and we handing you the phone," thereby criticizing gang members who purport to be willing to act on behalf of the Enterprise but who failed to do so when called upon.

## NOTICE OF SPECIAL SENTENCING FACTORS REGARDING COUNT ONE

1.      On or about July 28, 2011, in Hudson County, in the District of New Jersey and elsewhere, the defendants,

**JERVON MORRIS**,
a/k/a "Sticky," and
**KEVIN WILLIAMS**,
a/k/a "KK,"
a/k/a "Kay Kay,"

did knowingly and purposely cause the death and serious bodily injury resulting in the death of another person, namely, Victim A.C., contrary to N.J.S.A. 2C:11-3(a)(1), 2C:11-3(a)(2), and 2C:2-6.

2.      On or about December 3, 2017, in Hudson County, in the District of New Jersey and elsewhere, the defendant,

**JALIL HOLMES**,
a/k/a "Broad Day,"
a/k/a "BD,"

did knowingly and purposely cause the death and serious bodily injury resulting in the death of another person, namely, R.S., contrary to N.J.S.A. 2C:11-3(a)(1), 2C:11-3(a)(2), and 2C:2-6.

In violation of Title 18, United States Code, Section 1962(d).

## COUNT TWO

(Possession of a Firearm and Ammunition by a Convicted Felon)

On or about February 9, 2018, in Hudson County, in the District of New Jersey and elsewhere, the defendant,

### LAKIEF GRAYSON,
a/k/a "La-La,"
a/k/a "La Greaz,"

knowing that he had previously been convicted in a court of at least one crime punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting commerce, a firearm, namely a .45 caliber Springfield Model XDS semi-automatic handgun, bearing serial number XS601923, loaded with seven rounds of .45 caliber ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT THREE
(Possession with Intent to Distribute Heroin)

On or about February 9, 2018, in Hudson County, in the District of New Jersey and elsewhere, the defendant,

### LAKIEF GRAYSON,
a/k/a "La-La,"
a/k/a "La Greaz,"

knowingly and intentionally did possess with the intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT FOUR

(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about February 9, 2018, in Hudson County, in the District of New Jersey and elsewhere, the defendant,

**LAKIEF GRAYSON**,
a/k/a "La-La,"
a/k/a "La Greaz,"

in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, namely, the possession with intent to distribute heroin charged in Count Three of this Superseding Indictment, did knowingly possess a firearm and ammunition, namely a .45 caliber Springfield Model XDS semi-automatic handgun, bearing serial number XS601923, loaded with seven rounds of .45 caliber ammunition.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

**COUNT FIVE**
(Violent Crime in Aid of Racketeering Activity – Assault
with a Dangerous Weapon)

1.     The allegations contained in Paragraphs One through Nineteen, Twenty-Two, and Twenty-Three of Count One of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

2.     At all times relevant to this Superseding Indictment, the Marion Gardens Enterprise, including its leaders, members, and associates constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

3.     At all times relevant to the Superseding Indictment, the Marion Gardens Enterprise, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is:

      a. multiple acts involving murder, contrary to N.J.S.A. 2C:11-3(a)(1), 2C:11-3(a)(2), 2C:5-1(a), 2C:5-2, and 2C:2-6; and

      b. multiple offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance punishable under the laws of the United States, in violation of Title 21, United States Code, Section 846 (conspiracy to distribute and possess with

intent to distribute controlled substances), Section 841 (distribution and possession with intent to distribute controlled substances), and Section 843(b) (use of a communications facility to violate the Controlled Substances Act).

4.     On or about June 30, 2018, in Hudson County, in the District of New Jersey and elsewhere, the defendants,

**JALIL HOLMES**,
a/k/a "Broad Day,"
a/k/a "BD,"
**K'SHAWN JACKSON**,
a/k/a "Lil Kay," and
**TERICK ROGERS**,
a/k/a "Moot,"

for the purpose of gaining entrance to, and maintaining and increasing position in, the Marion Gardens Enterprise, an enterprise engaged in racketeering activity, did knowingly and purposely assault Victim K.C. with a dangerous weapon, specifically, a firearm, contrary to N.J.S.A. 2C:12-1(b)(2) and 2C:2-6.

In violation of Title 18, United States Code, Section 1959(a)(3), and Title 18, United States Code, Section 2.

## COUNT SIX

(Discharge of a Firearm During a Crime of Violence)

On or about June 30, 2018, in Hudson County, in the District of New Jersey and elsewhere, the defendants,

**JALIL HOLMES**,
a/k/a "Broad Day,"
a/k/a "BD,"
**K'SHAWN JACKSON**,
a/k/a "Lil Kay," and
**TERICK ROGERS**,
a/k/a "Moot,"

during and in relation to a crime of violence for which each may be prosecuted in a court of the United States—specifically, the assault with a dangerous weapon in aid of racketeering activity charged in Count Five of this Superseding Indictment—did knowingly use and carry a firearm, which was discharged.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(iii), and Title 18, United States Code, Section 2.

**COUNT SEVEN**
(Violent Crime in Aid of Racketeering Activity – Assault
with a Dangerous Weapon)

1.     The allegations contained in Paragraphs One through Nineteen, Twenty-Two, and Twenty-Three of Count One of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

2.     At all times relevant to this Superseding Indictment, the Marion Gardens Enterprise, including its leaders, members, and associates constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

3.     At all times relevant to the Superseding Indictment, the Marion Gardens Enterprise, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is:

   a. multiple acts involving murder, contrary to N.J.S.A. 2C:11-3(a)(1), 2C:11-3(a)(2), 2C:5-1(a), 2C:5-2, and 2C:2-6; and

   b. multiple offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance punishable under the laws of the United States, in violation of Title 21, United States Code, Section 846 (conspiracy to distribute and possess with

intent to distribute controlled substances), Section 841 (distribution and possession with intent to distribute controlled substances), and Section 843(b) (use of a communications facility to violate the Controlled Substances Act).

4. On or about June 30, 2018, in Hudson County, in the District of New Jersey and elsewhere, the defendants,

**JALIL HOLMES**,
a/k/a "Broad Day,"
a/k/a "BD,"
**K'SHAWN JACKSON**,
a/k/a "Lil Kay," and
**TERICK ROGERS**,
a/k/a "Moot,"

for the purpose of gaining entrance to, and maintaining and increasing position in, the Marion Gardens Enterprise, an enterprise engaged in racketeering activity, did knowingly and purposely assault Victim D.A. with a dangerous weapon, specifically, a firearm, contrary to N.J.S.A. 2C:12-1(b)(2) and 2C:2-6.

In violation of Title 18, United States Code, Section 1959(a)(3), and Title 18, United States Code, Section 2.

## COUNT EIGHT
(Discharge of a Firearm During a Crime of Violence)

On or about June 30, 2018, in Hudson County, in the District of New Jersey and elsewhere, the defendants,

**JALIL HOLMES**,
a/k/a "Broad Day,"
a/k/a "BD,"
**K'SHAWN JACKSON**,
a/k/a "Lil Kay," and
**TERICK ROGERS**,
a/k/a "Moot,"

during and in relation to a crime of violence for which each may be prosecuted in a court of the United States—specifically, the assault with a dangerous weapon in aid of racketeering activity charged in Count Seven of this Superseding Indictment—did knowingly use and carry a firearm, which was discharged.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(iii), and Title 18, United States Code, Section 2.

**COUNT NINE**
(Violent Crime in Aid of Racketeering Activity – Assault
with a Dangerous Weapon)

1.     The allegations contained in Paragraphs One through Nineteen, Twenty-Two, and Twenty-Three of Count One of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

2.     At all times relevant to this Superseding Indictment, the Marion Gardens Enterprise, including its leaders, members, and associates constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

3.     At all times relevant to the Superseding Indictment, the Marion Gardens Enterprise, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is:

> a. multiple acts involving murder, contrary to N.J.S.A. 2C:11-3(a)(1), 2C:11-3(a)(2), 2C:5-1(a), 2C:5-2, and 2C:2-6; and

> b. multiple offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance punishable under the laws of the United States, in violation of Title 21, United States Code, Section 846 (conspiracy to distribute and possess with

intent to distribute controlled substances), Section 841 (distribution and possession with intent to distribute controlled substances), and Section 843(b) (use of a communications facility to violate the Controlled Substances Act).

4.     On or about June 30, 2018, in Hudson County, in the District of New Jersey and elsewhere, the defendants,

**JALIL HOLMES**,
a/k/a "Broad Day,"
a/k/a "BD,"
**K'SHAWN JACKSON**,
a/k/a "Lil Kay," and
**TERICK ROGERS**,
a/k/a "Moot,"

for the purpose of gaining entrance to, and maintaining and increasing position in, the Marion Gardens Enterprise, an enterprise engaged in racketeering activity, did knowingly and purposely assault Victim J.W. with a dangerous weapon, specifically, a firearm, contrary to N.J.S.A. 2C:12-1(b)(2) and 2C:2-6.

In violation of Title 18, United States Code, Section 1959(a)(3), and Title 18, United States Code, Section 2.

## COUNT TEN
(Discharge of a Firearm During a Crime of Violence)

On or about June 30, 2018, in Hudson County, in the District of New Jersey and elsewhere, the defendants,

**JALIL HOLMES**,
a/k/a "Broad Day,"
a/k/a "BD,"
**K'SHAWN JACKSON**,
a/k/a "Lil Kay," and
**TERICK ROGERS**,
a/k/a "Moot,"

during and in relation to a crime of violence for which each may be prosecuted in a court of the United States—specifically, the assault with a dangerous weapon in aid of racketeering activity charged in Count Nine of this Superseding Indictment—did knowingly use and carry a firearm, which was discharged.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(iii), and Title 18, United States Code, Section 2.

**COUNT ELEVEN**
(Violent Crime in Aid of Racketeering Activity – Assault
with a Dangerous Weapon)

1.     The allegations contained in Paragraphs One through Nineteen, Twenty-Two, and Twenty-Three of Count One of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

2.     At all times relevant to this Superseding Indictment, the Marion Gardens Enterprise, including its leaders, members, and associates constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

3.     At all times relevant to the Superseding Indictment, the Marion Gardens Enterprise, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is:

> a. multiple acts involving murder, contrary to N.J.S.A. 2C:11-3(a)(1), 2C:11-3(a)(2), 2C:5-1(a), 2C:5-2, and 2C:2-6; and
>
> b. multiple offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance punishable under the laws of the United States, in violation of Title 21, United States Code, Section 846 (conspiracy to distribute and possess with

intent to distribute controlled substances), Section 841 (distribution and possession with intent to distribute controlled substances), and Section 843(b) (use of a communications facility to violate the Controlled Substances Act).

4.  On or about June 30, 2018, in Hudson County, in the District of New Jersey and elsewhere, the defendants,

**JALIL HOLMES**,
a/k/a "Broad Day,"
a/k/a "BD,"
**K'SHAWN JACKSON**,
a/k/a "Lil Kay," and
**TERICK ROGERS**,
a/k/a "Moot,"

for the purpose of gaining entrance to, and maintaining and increasing position in, the Marion Gardens Enterprise, an enterprise engaged in racketeering activity, did knowingly and purposely assault Victim C.F. with a dangerous weapon, specifically, a firearm, contrary to N.J.S.A. 2C:12-1(b)(2) and 2C:2-6.

In violation of Title 18, United States Code, Section 1959(a)(3), and Title 18, United States Code, Section 2.

## COUNT TWELVE
(Discharge of a Firearm During a Crime of Violence)

On or about June 30, 2018, in Hudson County, in the District of New Jersey and elsewhere, the defendants,

**JALIL HOLMES,**
a/k/a "Broad Day,"
a/k/a "BD,"
**K'SHAWN JACKSON,**
a/k/a "Lil Kay," and
**TERICK ROGERS,**
a/k/a "Moot,"

during and in relation to a crime of violence for which each may be prosecuted in a court of the United States—specifically, the assault with a dangerous weapon in aid of racketeering activity charged in Count Eleven of this Superseding Indictment—did knowingly use and carry a firearm, which was discharged.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(iii), and Title 18, United States Code, Section 2.

**COUNT THIRTEEN**
(Violent Crime in Aid of Racketeering Activity – Assault
with a Dangerous Weapon)

1.    The allegations contained in Paragraphs One through Nineteen, Twenty-Two, and Twenty-Three of Count One of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

2.    At all times relevant to this Superseding Indictment, the Marion Gardens Enterprise, including its leaders, members, and associates constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

3.    At all times relevant to the Superseding Indictment, the Marion Gardens Enterprise, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is:

> a. multiple acts involving murder, contrary to N.J.S.A. 2C:11-3(a)(1), 2C:11-3(a)(2), 2C:5-1(a), 2C:5-2, and 2C:2-6; and
>
> b. multiple offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance punishable under the laws of the United States, in violation of Title 21, United States Code, Section 846 (conspiracy to distribute and possess with

intent to distribute controlled substances), Section 841 (distribution and possession with intent to distribute controlled substances), and Section 843(b) (use of a communications facility to violate the Controlled Substances Act).

4.   On or about June 30, 2018, in Hudson County, in the District of New Jersey and elsewhere, the defendants,

**JALIL HOLMES**,
a/k/a "Broad Day,"
a/k/a "BD,"
**K'SHAWN JACKSON**,
a/k/a "Lil Kay," and
**TERICK ROGERS**,
a/k/a "Moot,"

for the purpose of gaining entrance to, and maintaining and increasing position in, the Marion Gardens Enterprise, an enterprise engaged in racketeering activity, did knowingly and purposely assault Victim W.A. with a dangerous weapon, specifically, a firearm, contrary to N.J.S.A. 2C:12-1(b)(2) and 2C:2-6.

In violation of Title 18, United States Code, Section 1959(a)(3), and Title 18, United States Code, Section 2.

## COUNT FOURTEEN
(Discharge of a Firearm During a Crime of Violence)

On or about June 30, 2018, in Hudson County, in the District of New Jersey and elsewhere, the defendants,

**JALIL HOLMES**,
a/k/a "Broad Day,"
a/k/a "BD,"
**K'SHAWN JACKSON**,
a/k/a "Lil Kay," and
**TERICK ROGERS**,
a/k/a "Moot,"

during and in relation to a crime of violence for which each may be prosecuted in a court of the United States—specifically, the assault with a dangerous weapon in aid of racketeering activity charged in Count Thirteen of this Superseding Indictment—did knowingly use and carry a firearm, which was discharged.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(iii), and Title 18, United States Code, Section 2.

## COUNT FIFTEEN

(Possession with Intent to Distribute Controlled Substances)

On or about November 16, 2018, in Hudson County, in the District of New Jersey and elsewhere, the defendant,

## JERVON MORRIS,
a/k/a "Sticky,"

knowingly and intentionally did possess with the intent to distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT SIXTEEN
(Possession of Ammunition by a Convicted Felon)

On or about November 16, 2018, in Hudson County, in the District of New Jersey and elsewhere, the defendant,

### JERVON MORRIS,
a/k/a "Sticky,"

knowing that he had previously been convicted in a court of at least one crime punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting commerce, approximately 246 rounds of ammunition, including approximately twenty-five rounds of .40 caliber ammunition, forty-one rounds of .45 caliber ammunition, 134 rounds of 9mm ammunition, six rounds of .38 caliber ammunition, and forty rounds of .380 caliber ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT SEVENTEEN
(Violent Crime in Aid of Racketeering Activity – Assault
with a Dangerous Weapon)

1.      The allegations contained in Paragraphs One through Nineteen, Twenty-Two, and Twenty-Three of Count One of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

2.      At all times relevant to this Superseding Indictment, the Marion Gardens Enterprise, including its leaders, members, and associates constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

3.      At all times relevant to the Superseding Indictment, the Marion Gardens Enterprise, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is:

>   a. multiple acts involving murder, contrary to N.J.S.A. 2C:11-3(a)(1), 2C:11-3(a)(2), 2C:5-1(a), 2C:5-2, and 2C:2-6; and
>
>   b. multiple offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance punishable under the laws of the United States, in violation of Title 21, United States Code, Section 846 (conspiracy to distribute and possess with

intent to distribute controlled substances), Section 841 (distribution and possession with intent to distribute controlled substances), and Section 843(b) (use of a communications facility to violate the Controlled Substances Act).

4.    On or about January 9, 2019, in Hudson County, in the District of New Jersey and elsewhere, the defendants,

**JALIL HOLMES**,
a/k/a "Broad Day,"
a/k/a "BD," and
**JAKEEM GIBSON-MADISON**,
a/k/a "Beanz,"

for the purpose of gaining entrance to, and maintaining and increasing position in, the Marion Gardens Enterprise, an enterprise engaged in racketeering activity, did knowingly and purposely assault Victim M.G. with a dangerous weapon, specifically, a firearm, contrary to N.J.S.A. 2C:12-1(b)(2) and 2C:2-6.

In violation of Title 18, United States Code, Section 1959(a)(3), and Title 18, United States Code, Section 2.

**COUNT EIGHTEEN**
(Discharge of a Firearm During a Crime of Violence)

On or about January 9, 2019, in Hudson County, in the District of New Jersey and elsewhere, the defendants,

**JALIL HOLMES**,
a/k/a "Broad Day,"
a/k/a "BD," and
**JAKEEM GIBSON-MADISON**,
a/k/a "Beanz,"

during and in relation to a crime of violence for which each may be prosecuted in a court of the United States—specifically, the assault with a dangerous weapon in aid of racketeering activity charged in Count Seventeen of this Superseding Indictment—did knowingly use and carry a firearm, which was discharged.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(iii), and Title 18, United States Code, Section 2.

**COUNT NINETEEN**
(Violent Crime in Aid of Racketeering Activity – Assault
with a Dangerous Weapon)

1.      The allegations contained in Paragraphs One through Nineteen, Twenty-Two, and Twenty-Three of Count One of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

2.      At all times relevant to this Superseding Indictment, the Marion Gardens Enterprise, including its leaders, members, and associates constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

3.      At all times relevant to the Superseding Indictment, the Marion Gardens Enterprise, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is:

>       a. multiple acts involving murder, contrary to N.J.S.A. 2C:11-3(a)(1), 2C:11-3(a)(2), 2C:5-1(a), 2C:5-2, and 2C:2-6; and

>       b. multiple offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance punishable under the laws of the United States, in violation of Title 21, United States Code, Section 846 (conspiracy to distribute and possess with

intent to distribute controlled substances), Section 841 (distribution and possession with intent to distribute controlled substances), and Section 843(b) (use of a communications facility to violate the Controlled Substances Act).

4.    On or about January 9, 2019, in Hudson County, in the District of New Jersey and elsewhere, the defendants,

**JALIL HOLMES**,
a/k/a "Broad Day,"
a/k/a "BD," and
**JAKEEM GIBSON-MADISON**,
a/k/a "Beanz,"

for the purpose of gaining entrance to, and maintaining and increasing position in, the Marion Gardens Enterprise, an enterprise engaged in racketeering activity, did knowingly and purposely assault Victim T.S. with a dangerous weapon, specifically, a firearm, contrary to N.J.S.A. 2C:12-1(b)(2) and 2C:2-6.

In violation of Title 18, United States Code, Section 1959(a)(3), and Title 18, United States Code, Section 2.

## COUNT TWENTY
(Discharge of a Firearm During a Crime of Violence)

On or about January 9, 2019, in Hudson County, in the District of New Jersey and elsewhere, the defendants,

**JALIL HOLMES**,
a/k/a "Broad Day,"
a/k/a "BD," and
**JAKEEM GIBSON-MADISON**,
a/k/a "Beanz,"

during and in relation to a crime of violence for which each may be prosecuted in a court of the United States—specifically, the assault with a dangerous weapon in aid of racketeering activity charged in Count Nineteen of this Superseding Indictment—did knowingly use and carry a firearm, which was discharged.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(iii), and Title 18, United States Code, Section 2.

## COUNT TWENTY-ONE
(Violent Crime in Aid of Racketeering Activity – Assault
with a Dangerous Weapon)

1.      The allegations contained in Paragraphs One through Nineteen, Twenty-Two, and Twenty-Three of Count One of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

2.      At all times relevant to this Superseding Indictment, the Marion Gardens Enterprise, including its leaders, members, and associates constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

3.      At all times relevant to the Superseding Indictment, the Marion Gardens Enterprise, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is:

> a. multiple acts involving murder, contrary to N.J.S.A. 2C:11-3(a)(1), 2C:11-3(a)(2), 2C:5-1(a), 2C:5-2, and 2C:2-6; and
>
> b. multiple offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance punishable under the laws of the United States, in violation of Title 21, United States Code, Section 846 (conspiracy to distribute and possess with

intent to distribute controlled substances), Section 841 (distribution and possession with intent to distribute controlled substances), and Section 843(b) (use of a communications facility to violate the Controlled Substances Act).

4. On or about January 9, 2019, in Hudson County, in the District of New Jersey and elsewhere, the defendants,

**JALIL HOLMES**,
a/k/a "Broad Day,"
a/k/a "BD," and
**JAKEEM GIBSON-MADISON**,
a/k/a "Beanz,"

for the purpose of gaining entrance to, and maintaining and increasing position in, the Marion Gardens Enterprise, an enterprise engaged in racketeering activity, did knowingly and purposely assault Victim E.M. with a dangerous weapon, specifically, a firearm, contrary to N.J.S.A. 2C:12-1(b)(2) and 2C:2-6.

In violation of Title 18, United States Code, Section 1959(a)(3), and Title 18, United States Code, Section 2.

## COUNT TWENTY-TWO
(Discharge of a Firearm During a Crime of Violence)

On or about January 9, 2019, in Hudson County, in the District of New Jersey and elsewhere, the defendants,

**JALIL HOLMES**,
a/k/a "Broad Day,"
a/k/a "BD," and
**JAKEEM GIBSON-MADISON**,
a/k/a "Beanz,"

during and in relation to a crime of violence for which each may be prosecuted in a court of the United States—specifically, the assault with a dangerous weapon in aid of racketeering activity charged in Count Twenty-One of this Superseding Indictment—did knowingly use and carry a firearm, which was discharged.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(iii), and Title 18, United States Code, Section 2.

## **COUNT TWENTY-THREE**
(Violent Crime in Aid of Racketeering Activity – Assault
with a Dangerous Weapon)

1.      The allegations contained in Paragraphs One through Nineteen, Twenty-Two, and Twenty-Three of Count One of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

2.      At all times relevant to this Superseding Indictment, the Marion Gardens Enterprise, including its leaders, members, and associates constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

3.      At all times relevant to the Superseding Indictment, the Marion Gardens Enterprise, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is:

> a. multiple acts involving murder, contrary to N.J.S.A. 2C:11-3(a)(1), 2C:11-3(a)(2), 2C:5-1(a), 2C:5-2, and 2C:2-6; and
>
> b. multiple offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance punishable under the laws of the United States, in violation of Title 21, United States Code, Section 846 (conspiracy to distribute and possess with

intent to distribute controlled substances), Section 841 (distribution and possession with intent to distribute controlled substances), and Section 843(b) (use of a communications facility to violate the Controlled Substances Act).

4.    On or about June 9, 2019, in Hudson County, in the District of New Jersey and elsewhere, the defendant,

**KEVIN WILLIAMS**
a/k/a "KK,"
a/k/a "Kay Kay,"

for the purpose of gaining entrance to, and maintaining and increasing position in, the Marion Gardens Enterprise, an enterprise engaged in racketeering activity, did knowingly and purposely assault Victim K.G. with a dangerous weapon, specifically, a firearm, contrary to N.J.S.A. 2C:12-1(b)(2) and 2C:2-6.

In violation of Title 18, United States Code, Section 1959(a)(3).

### COUNT TWENTY-FOUR
(Possession with Intent to Distribute Narcotics)

On or about June 10, 2019, in Hudson County, in the District of New Jersey and elsewhere, the defendant,

**KEVIN WILLIAMS**,
a/k/a "KK,"
a/k/a "Kay Kay,"

knowingly and intentionally did possess with the intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT TWENTY-FIVE

(Possession of a Firearm and Ammunition by a Convicted Felon)

On or about March 14, 2020, in Passaic County, in the District of New Jersey and elsewhere, the defendant,

### WILLIE WILLIAMS,
a/k/a "Willz,"

knowing that he had previously been convicted in a court of at least one crime punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting commerce a firearm and ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATION AS TO COUNT ONE

Pursuant to Title 18, United States Code, Section 1963, upon conviction of the offense charged in Count One of this Superseding Indictment, in violation of Title 18, United States Code, Section 1962, defendants,

**JERVON MORRIS**,
a/k/a "Sticky,"
**JALIL HOLMES**,
a/k/a "Broad Day,"
a/k/a "BD,"
**KEVIN WILLIAMS**,
a/k/a "KK,"
a/k/a "Kay Kay,"
**JAKEEM GIBSON-MADISON**,
a/k/a "Beanz,"
**K'SHAWN JACKSON**
a/k/a "Lil Kay,"
**LAKIEF GRAYSON**,
a/k/a "LaLa,"
a/k/a "La Greaz,"
**WILLIE WILLIAMS**,
a/k/a "Willz," and
**TERICK ROGERS**,
a/k/a "Moot,"

shall forfeit to the United States of America:

(a)     any interest acquired or maintained in violation of Section 1962;

(b)     any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendants established, operated, controlled, conducted, or participated in the conduct of, in violation of Section 1962; and

(c)     any property constituting, or derived from, any proceeds

obtained, directly or indirectly, from racketeering activity in violation of Section 1962.

**FORFEITURE ALLEGATION AS TO COUNTS TWO, FOUR, SIX, EIGHT, TEN, TWELVE, FOURTEEN, SIXTEEN, EIGHTEEN, TWENTY, TWENTY TWO, AND TWENTY FIVE**

Upon conviction of the offenses in violation of Title 18, United States Code, Sections 922(g)(1) and 924(c)(1)(A)(i), charged in Counts Two, Four, Six, Eight, Ten, Twelve, Fourteen, Sixteen, Eighteen, Twenty, Twenty Two, and Twenty-Five of this Superseding Indictment, the defendants charged in each respective count shall forfeit to the United States any firearms and ammunition involved in or used in the commission of such offenses, including, but not limited to, the following:

(1)     One .45 caliber Springfield Model XDS semi-automatic handgun, bearing serial number XS601923, and the seven rounds of .45 caliber ammunition contained therein;

(2)     Approximately 246 rounds of ammunition, including approximately twenty-five rounds of .40 caliber ammunition, forty-one rounds of .45 caliber ammunition, 134 rounds of 9mm ammunition, six rounds of .38 caliber ammunition, and forty rounds of .380 caliber ammunition; and

(3)     One .45 caliber Sig Sauer P320C semi-automatic pistol, bearing serial number 58H055079.

## FORFEITURE ALLEGATION AS TO COUNTS THREE, FIFTEEN, AND TWENTY FOUR

Upon conviction of the offenses in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), charged in Counts Three, Fifteen, and Twenty-Four of this Superseding Indictment, the defendants charged in each respective count shall forfeit to the United States of America, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the said offenses, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses charged in Counts Three, Fifteen, and Twenty-Four of this Superseding Indictment.

## Substitute Assets Provision
### (Applicable to All Forfeiture Allegations)

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the Court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute assets pursuant to Title 18, United States Code, Section 1963(m), and Title 21, United States Code, Section 853(p).

A TRUE BILL

_____
Foreperson

RACHAEL A. HONIG
Acting United States Attorney

CASE NUMBER: 20-205

# United States District Court
## District of New Jersey

### UNITED STATES OF AMERICA

v.

### JERVON MORRIS, et al.

## SUPERSEDING INDICTMENT FOR

18 U.S.C. § 1962(d)
18 U.S.C § 1959(a)(3)
18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 922(g)(1)
21 U.S.C. §§ 841(a)(1), (b)(1)(C)
18 U.S.C. § 2

A True Bill,



**Foreperson**

### RACHAEL A. HONIG
*ACTING U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

DESIREE L. GRACE
*ASSISTANT U.S. ATTORNEY*
*973-645-2708*